AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

Count One: 15 U.S.C. §1 - Price Fixing

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2015 APR -6 PM 4:06
[stamp: RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]

WHO

---- DEFENDANT - U.S. ----

▶ David Topkins

DISTRICT COURT NUMBER

**CR 15 201**

---- PROCEEDING ----

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  Micah L. Wyatt, Dept. of Justice

☐ U.S. Attorney ☒ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) _____

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

PENALTY SHEET

Individual: DAVID TOPKINS

Offense Charged: 15 U.S.C. Section 1 (Price Fixing)

Maximum Penalties:

1. A fine in an amount equal to the largest of:

   A. $1,000,000.00

   B. Twice the gross pecuniary gain derived from the crime.

   C. Twice the gross pecuniary loss caused to the victims of the crime.

2. A term of imprisonment of ten years.

3. A term of supervised release of at least two years but not more than three years.

4. $100 special assessment.

5. Restitution.

MICAH L. WYATT (CSBN 267465)
HENRY J. HAUSER (CSBN 286744)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
micah.wyatt@usdoj.gov

Attorneys for the United States

FILED
2015 APR -6 A 4:06

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | ) CR 15 201 |
| --- | --- |
| v. | ) INFORMATION<br>) VIOLATION:<br>) Title 15, United States Code,<br>) Section 1 (Price Fixing) |
| DAVID TOPKINS, | ) |
| Defendant. | ) |

The United States of America, acting through its attorneys, charges:

DAVID TOPKINS,

the defendant herein, as follows:

I.

DEFENDANT AND CO-CONSPIRATORS

1. During the time period covered by this Information, TOPKINS was a resident of California and a citizen of the United States. From at least as early as March 2012 until at least as late as January 2014, TOPKINS was employed by Company A as a Director in its Trend Division. During the time period covered by this Information, Company A sold posters, prints, and framed art in the United States and elsewhere. Posters are pieces of paper

INFORMATION—TOPKINS

1

depicting printed images that are designed to be hung, mounted on, or affixed to a wall or other vertical surface. Company A sells posters directly to customers in the United States through various online marketplaces, including Amazon Marketplace, Amazon.com, Inc.'s ("Amazon") website for third-party sellers.

2. Various corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## II.
## BACKGROUND

4. Amazon Marketplace operates as an auction model. Sellers create accounts with Amazon through which they can offer various products. Though sales are made through Amazon Marketplace, sellers control all pricing and shipping decisions on the products they offer.

5. Company A and other poster-selling firms used commercially available algorithm-based pricing software to set the prices of posters sold on Amazon Marketplace. This software operates by collecting competitor pricing information for a specific product sold on Amazon Marketplace and applying pricing rules set by the seller.

## III.
## DESCRIPTION OF THE OFFENSE

6. Beginning as early as September 2013 and continuing until in or about January 2014, the defendant and his co-conspirators entered into and engaged in a combination and conspiracy to fix the prices of certain posters sold in the United States on Amazon Marketplace ("agreed-upon posters"). The combination and conspiracy engaged in by the

defendant and co-conspirators was an unreasonable restraint of interstate commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and co-conspirators, the substantial terms of which were to fix, increase, maintain, and stabilize prices of the agreed-upon posters.

## IV.

## MEANS AND METHODS

8. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

  a. TOPKINS and his co-conspirators participated in conversations and communications with representatives of other poster-selling firms to discuss the prices of the agreed-upon posters.

  b. During those conversations and communications, TOPKINS and his co-conspirators agreed to fix, increase, maintain, and stabilize prices of the agreed-upon posters.

  c. In order to implement this agreement, TOPKINS and his co-conspirators agreed to adopt specific pricing algorithms for the agreed-upon posters with the goal of coordinating changes to their respective prices.

  d. In furtherance of the conspiracy, TOPKINS wrote computer code that instructed Company A's algorithm-based software to set prices of the agreed-upon posters in conformity with this agreement.

  e. For the purpose of reaching agreements on prices, enforcing adherence to the agreements reached, and monitoring the effectiveness of the pricing algorithms, TOPKINS and his co-conspirators collected, exchanged, monitored, and discussed information on the prices and sales of the agreed-upon posters.

  f. In accordance with the agreements reached, TOPKINS and his co-conspirators sold, distributed, and accepted payment for the agreed-upon posters at collusive, non-competitive prices on Amazon Marketplace.

## V.

## TRADE AND COMMERCE

9. During the period covered by this Information, TOPKINS, Company A, and its co-conspirators sold and shipped posters in a continuous and uninterrupted flow of interstate trade and commerce to customers located in states outside the place of origin of the shipments.

10. During the period covered by this Information, the business activities of the defendants and co-conspirators in connection with the sale of the agreed-upon posters were within the flow of, and substantially affected, interstate commerce.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## VI.

## JURISDICTION AND VENUE

11. The combination and conspiracy charged in this Information was carried out, in part, in the Northern District of California, within the five years preceding the return of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

_____
William J. Baer
Assistant Attorney General

_____
Brent Snyder
Deputy Assistant Attorney General

_____
Marvin N. Price
Director of Criminal Enforcement
United States Department of Justice
Antitrust Division

_____
Melinda Haag
United States Attorney
Northern District of California

_____
Marc Siegel
Chief, San Francisco Office

_____
E. Kate Patchen
Assistant Chief, San Francisco Office

_____
Micah L. Wyatt
Henry J. Hauser
Trial Attorneys
United States Department of Justice
Antitrust Division